UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:16-cv-00110-HRW-EBA

CODY RYAN HENDERSON,                                                                      PLAINTIFF,

v.       **MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

CITY OF GREENUP, et al.,                                                                  DEFENDANTS.

This matter comes before the Court on Plaintiff's Motion for Proposed Agreement of Dismissal [R. 30], Defendants' Motion for Summary Judgment [R. 35], and Plaintiff's Motion to Dismiss [R. 38]. On or around July 3, 2017, pro se Plaintiff moved this Court to dismiss his Complaint [R. 1] if Defendants would agree to the following conditions: (1) "[Plaintiff] at no point in time shall be housed now or ever in the future at Greenup County Detention Center;" (2) when Plaintiff must be transported from Carter County Detention Center to Greenup County Circuit Court, the Greenup County Sheriff's Office shall transport Plaintiff instead of the Greenup County Detention Center's staff; (3) the Greenup County Detention Center shall be responsible for certain medical bills Plaintiff incurred; and (4) "[t]hat Medical Staff and Mike Worthington quit showing deliberate indifference towards [Plaintiff] over required medical issues." [R. 30, at 2]. Defendants rejected Plaintiff's proposed agreement [R. 30] because Defendants have no authority to meet Plaintiff's proposed conditions, as "Defendants cannot bind a future Court or the Kentucky Department of Corrections." [R. 31, at 1-2].

In addition to rejecting Plaintiff's proposed agreement [R. 30], on October 2, 2017, Defendants moved for summary judgment [R. 35]. Accordingly, on October 3, 2017, the Court directed Plaintiff to respond to Defendants' Motion for Summary [R. 35] by November 2, 2017.

[R. 37]. In lieu of responding to Defendants' Motion [R. 35], on or around November 6, 2017, Plaintiff moved to dismiss the present case due to Plaintiff lacking the legal knowledge to continue any further with the case. [R. 38]. Defendants have filed no objections to Plaintiff's Motion to Dismiss [R. 38]. Additionally, in Defendants' Motion [R. 35], Defendants ask "this Court to grant its motion for summary judgment, and/or dismiss Plaintiff's claim with prejudice in their entirety." [R. 36, at 8].

Therefore, having considered the matters fully, and being otherwise sufficiently advised, the Court RECOMMENDS:

1. Plaintiff's Motion to Dismiss [R. 38] be GRANTED and Plaintiff's claim be DISMISSED WITHOUT PREJUDICE;
2. Plaintiff's Motion for Proposed Agreement of Dismissal [R. 30] be DENIED AS MOOT; and
3. Defendant's Motion for Summary Judgment [R. 35] be DENIED AS MOOT.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 28 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.,* 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 29th day of January, 2018.



Signed By:
*Edward B. Atkins* ℰℬA
United States Magistrate Judge